Coös,
Dec. 7, 1915.

THEOPHILE CANTIN *v.* GLEN JUNCTION TRANSFER COMPANY.

An employee cannot recover under the federal employers' liability act (35 U. S. Stat. 65) unless he establishes the fact that at the time of the injury he was engaged in interstate commerce, though the business of the railroad which employs him is in part interstate and in part intrastate commerce.

If, in an action by a servant against his master for injuries alleged to have been caused by the master's negligence, the employment involves the operation of cars, the defence of assumption of risk does not apply. (Laws 1911, *c.* 163, *s.* 1.)

If, in such case, the evidence of an employee, injured while engaged in the work of coupling cars, tends to show that, if the "knuckles" of safety couplers did not work right, "it was sometimes necessary to go in between the cars," and no evidence is offered to show that such method was not the one prescribed by the master, the question of the employee's care is properly submitted to the jury.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the December term, 1914, of the superior court by *Branch,* J.

The evidence tended to prove that the defendant was chartered as a railroad corporation, and that it had constructed and operated a system leading from the Boston & Maine and Grand Trunk stations in Berlin to and among the mills of the International Paper Company in that city. Its business was to transport the in and out freight and empty cars between the mills and the freight depots, and to do shifting in the mill yards. Some of the freight was destined for points within and some for those without the state. The plaintiff was employed as a brakeman or yard hand and on the day of the accident was attempting, with the assistance of a fellow-workman, to couple together two cars. The knuckles of the safety couplers failed to work; and, as the practice was in such instances, the plaintiff removed one of the knuckles, inserted another in its place, and laid the discarded one upon the end of the car. It was dark at the time, and the plaintiff and his fellow-workman had but one lantern. For this reason there was difficulty in transmitting the signals to the engineer. On the first trial the knuckles did not engage, and signals were given the engineer to draw ahead and back up again. The plaintiff stood with one foot inside the rail, in order to ascertain what the trouble was when the cars came together again. The engineer backed with so much force that the cars came together with a considerable shock, and the discarded knuckle fell from the end of the car and struck and injured the plaintiff. The plaintiff testified that complaint had been made of the shortage of lanterns, and that it was necessary to stand as he did in order to learn why the knuckles did not operate properly.

The defendant's motions for a nonsuit and directed verdict were denied, subject to exception, and the case was submitted to the jury under instructions permitting them to find liability under either the federal or state law. After the verdict was returned the presiding justice ordered that it be set aside because there was no evidence to sustain it under the federal law, and that the case stand for trial. To this order both parties excepted.

*Ovide J. Coulombe* (by brief and orally), for the plaintiff.

*Drew, Shurtleff, Morris & Oakes* (*Mr. Oakes* orally), for the defendant.

PEASLEE, J. The case was submitted to the jury under instructions permitting them to find liability under either the federal

statutes or the state law. The verdict was a general one for the plaintiff, so that it cannot now be determined upon which ground it was put by the jury. The order of the superior court setting the verdict aside presents the question whether there was sufficient evidence to warrant a finding for the plaintiff under the federal employers' liability act. 35 U. S. Stat. 65.

In order for the plaintiff to prevail under that statute he must show, among other things, that at the time of the accident he was engaged in interstate commerce. If the business of the railroad which employs him is in part interstate and in part intrastate commerce, the statute does not apply when the work he is engaged in at the time of his injury is wholly of the latter class. He must show that he was injured while employed in the former capacity. *Illinois etc. R. R.* v. *Behrens*, 233 U. S. 473.

Conceding for the purposes of the argument that there was evidence that the defendant is a common carrier of freight, engaged in interstate commerce, it also appears that a part of its business was not of that character; and there is no evidence from which it could be found that the cars about which the plaintiff was working were being used in such commerce. All that appears is that the cars were being moved upon the defendant's tracks. Whether they were moving to or from points within the state, or those outside the state, is left wholly to conjecture. In this state of the proof no finding could be made upon this essential fact, and the plaintiff's case under the statute fails for this reason. There was no error in the order setting the verdict aside.

The defendant's exception to the denial of a nonsuit presents the further question of the sufficiency of the evidence to sustain a verdict under the state law.

It seems to be conceded, as the fact plainly is, that there was sufficient evidence of the defendant's fault. But it is claimed that contributory negligence on the part of the plaintiff was conclusively shown. It is urged that the plaintiff ought not to have placed the discarded knuckle upon the end of the car, and that he should have stood with both feet outside the rail when the cars came together. The only evidence upon these points was the plaintiff's testimony. In describing what was necessary to be done, he said that when a knuckle was removed it was put on the car so as not to lose it, and that if the knuckles did not work right it was sometimes necessary to go in between the cars. No evidence was offered to show that the method of doing the work described by

the plaintiff was not the one prescribed by the defendant. It could be found that the plaintiff was doing his work precisely as his employer designed that it should be done. Whether it is negligence for a servant to undertake a dangerous task is said to be a question of fact, and it is apparent that fair-minded men might think that as against the master it was reasonably prudent to undertake the work. *Boody* v. *Company*, 77 N. H. 208, 214.

As the employment had to do with the operation of cars, the defence of assumption of risk does not apply. Laws 1911, *c.* 163, ss. 1, 2; *Nawn* v. *Railroad*, 77 N. H. 299, 305.

Assuming that the defendant's contention that there was no evidence to warrant submitting the case to the jury under the federal safety appliance acts (6 Fed. Stat. Ann. 752; 10 Fed. Stat. Ann. 375) is sound, the plaintiff was entitled to go to the jury under the state law, and the motions for a nonsuit and for a directed verdict were rightly denied.

*Exceptions overruled.*

All concurred.